SILBERMAN, Judge.
B.R.W. appeals his adjudication of delinquency for burglary of a structure, petit theft, opposing an officer without violence, and criminal mischief. We affirm the adjudication without comment but remand for correction of the disposition order.
During trial, after the State completed its presentation of evidence, defense counsel requested a judgment of acquittal on all counts. The trial court denied the request except, as to the criminal mischief charge, the judge stated, “On the issue of felony criminal mischief, I think the State was not able to establish that. So I think there is evidence to believe that second degree criminal mischief — as to the other charges, I deny the motions to dismiss.”
At the conclusion of the trial, the judge orally pronounced B.R.W. “guilty as charged.” Defense counsel asked, “Just for clarification, Your Honor, it’s guilty on charges 1, 3 and 4, and then guilty of the lesser on count 2?” The judge responded, “That’s correct.” Count 2, for criminal mischief, was originally charged as a third-degree felony.
The disposition order listed criminal mischief as a first-degree misdemean- or. B.R.W. argues that because there was no proof concerning the amount of damages in connection with the criminal mischief charge, the disposition order must be corrected to reflect a second-degree misdemeanor. The State concedes that the disposition order conflicted with the trial court’s oral ruling. Based on the evidence and the trial court’s oral pronouncement, we agree that the disposition order must be corrected to reflect that B.R.W. was found guilty of a second-degree misdemeanor for criminal mischief. See Murph v. State, 666 So.2d 197, 198 (Fla. 2d DCA 1995); A.R. v. State, 504 So.2d 66 (Fla. 2d DCA 1987); § 806.13(1)(b)(1), Fla. Stat. (2000).
Additionally, the single disposition order utilized in this case does not separately identify the maximum commitment period imposed on each of the offenses. Because the maximum period of commitment for the four offenses differs between the misdemeanors and the felony, the term of commitment per offense should be indicated in the disposition order to insure that it is within the statutory maximum.
Therefore, we affirm the adjudication and disposition but remand with instructions that the trial court enter a corrected disposition order consistent with this opinion.
CASANUEVA, A.C.J., and CAMPBELL, MONTEREY, (Senior) Judge, Concur.